# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Ruehle's Towing, Inc., and
Jimmy's Towing Recovery &
Transport, LLC,

          Plaintiffs,

v.

Charter Township of Shelby,
Shelby Township Board of
Trustees, Richard Stathakis,
Stanley T. Grot, Michael Flynn,
Paul Viar, Paula Filar, Douglas
Wozniak, and Robert Shelide,

          Defendants.

Case No. 15-cv-13802
Hon. Judith E. Levy
Mag. Judge Mona K. Majzoub

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [3]

Plaintiffs Ruehle's Towing, Inc., and Jimmy's Towing Recovery & Transport, LLC, bring a § 1983 claim for violation of due process and a state law breach of contract claim against defendants Shelby Township, Shelby Township Board of Trustees, members of the board of trustees Richard Stathakis, Stanley T. Grot, Michael Flynn, Paul Viar, Paula

Filar, Douglas Wozniak, and police officer Robert Shelide. Plaintiffs allege that defendants violated a three-year contract that plaintiffs had with defendant Shelby Township when defendants awarded a new contract to a different towing company. Defendants filed a motion to dismiss, which is the subject of this opinion and order. For the reasons set forth below, defendants' motion is granted.

## I. Background

The following background is drawn from the relevant allegations in plaintiffs' complaint.

On February 21, 2012, plaintiff Ruehle's Towing, Inc., was awarded a contract with defendant Shelby Township for the exclusive provision of towing, impound, and storage services. (Dkt. 1 at 3.) In relevant part, the agreement provided as follows:

> TERM OF AGREEMENT. This Agreement shall be in effect for three years [sic] (3) years with an expiration date of July 1, 2015, unless terminated by Township as otherwise set out herein. All Contractor's prices for towing services shall not be changed during that three (3) year period. Within ninety (90) days of the expiration of this Agreement, the Township may at its option renew this Agreement for a three year period under the same prices, terms and conditions as set out in this Agreement upon mutual consent of both parties. A request by the Township staff to determine the Contractor's interest in renewing the contract in no way

obligates the Township. The option cannot be exercised without the Township of Shelby Board approval.[1]

(Dkt. 1-1 at 14.)

On or about June 9, 2015, defendant Shelby Township, at the direction of defendant Board, issued a Request for Proposal: Towing, Storage and Auction of Accident, Impounded, and Other Vehicles ("RFP"). (Dkt. 1 at 4; *see* Dkt. 1-1 at 23.) The RFP stated that defendant Shelby Township was seeking bids for "a Contract Agreement for a period commencing on September 1, 2015[,] at 12:00 AM and ending on August 31, 2018[,] at 11:59 PM." (Dkt. 1 at 4; *see* Dkt. 1-1 at 24.) The RFP set forth, among other things, how the bids would be scored and a number of selection criteria, but also noted that "[t]he Township reserves the right to reject any and all proposals, to make an award based directly on the proposals, or to negotiate further with one or more companies." (Dkt. 1-1 at 28-29.)

---

[1] A three-year term from the date the contract went into effect would end on February 21, 2015, but the provision also includes the specific date of July 1, 2015. The more specific term July 1, 2015, controls. *See Royal Ins. Co. of Am. v. Orient Overseas Container Line Ltd.*, 525 F.3d 409, 420 (6th Cir. 2008) ("Well-founded principles of contract law establish that 'specific terms and exact terms are given greater weight than general language' . . . .") (quoting *Restatement (Second) of Contracts* § 203 (1981)).

3

Plaintiff Ruehle's Towing, Inc., entered into a joint venture with plaintiff Jimmy's Towing Recovery & Transport, LLC, to submit a bid under the requirements of the RFP. (Dkt. 1 at 4.) Plaintiffs submitted their bid on June 20, 2015. (Id. at 5; *see* Dkt. 1-2.)

The winning bidder, Utica Van Dyke Services, LLC, ("Utica") scored forty three points. (Dkt. 1 at 5.) Plaintiffs allege that, had their bid been appropriately evaluated and scored, their proposal would have gotten the maximum number of points, forty four, rather than the forty two they were awarded, and they would have been awarded the contract. (Dkt. 1 at 5.) Plaintiffs allege that "as a result of improper contact, gifts, or other prohibited influence, [d]efendant Shelide and/or the individual Board [d]efendants directed that the [p]laintiffs' lot be given an artificially low score and the [Utica] lot be given an artificially high score so as to ensure award of the contract to [Utica]." (Id. at 7.) On July 21, 2015, the Board voted five-to-one to award the new contract to Utica rather than plaintiffs, effective September 1, 2015. Defendants continued to use plaintiff Ruehle's Towing, Inc.'s services until Utica's contract went into effect. (Id. at 8.)

4

Plaintiffs assert that "[b]ecause the Ruehle's contract could only be extended in additional increments of three years per its plain language," and "because Shelby Township by its Board and police department continued to utilize Ruehle's (at those original contract prices) for months after the stated original contract term," the "parties, in effect, extended that contract through at least February 21, 2018 (or July 1, 2018 if the contracts [sic] latter 'three year' anniversary is adopted by the court)." (Id. at 8.) According to plaintiffs, defendant "Board's award of this concession to another vendor during that same period constitutes a breach of contract from which Ruehle's has sustained significant damages," and "[w]orse, the manufactured bidding and scoring process was a sham or mere instrumentality by which the Board and its [d]efendant agent Shelide privately selected their preferred contractor without actual reference to the publicly established criteria or process." (Id.)

Defendants filed a Rule 12(b)(6) motion to dismiss on November 23, 2015. They argue that, as "mere disappointed bidders," plaintiffs lack standing to bring a due process claim based on the bidding process and that the breach of contract claim fails as a matter of law. (*See* Dkt.

5

3.) Plaintiffs responded (Dkt 8), and defendants replied. (Dkt. 9.) On February 23, 2016, the Court entered a notice that, in relevant part, the parties should be prepared to answer questions on whether, under Michigan law, the alleged three-year renewal of the 2012 contract would be void under the statute of frauds. (Dkt. 10.) The parties were given the option to file a supplemental brief, which only defendants exercised. (*See* Dkt. 11.)

## II. Standard

When deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III. Analysis

The first issue that must be addressed is whether plaintiffs have adequately pled a due process claim. Without explicitly stating so, plaintiffs' claim is based on procedural due process. *See Charles v. Baesler*, 910 F.2d 1349, 1353 (6th Cir. 1990) ("Most, if not all, state-created contract rights, while assuredly protected by procedural due process, are not protected by substantive due process.").

To state a due process claim, plaintiffs must allege sufficient facts to establish that plaintiffs were deprived "of a constitutionally protected property or liberty interest." *Mertik v. Blalock*, 983 F.2d 1353, 1359 (6th Cir. 1993) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 569-71 (1972)). "Absent a protected property interest, a plaintiff cannot assert a due process violation." *Willie McCormick & Assocs. v. City of Detroit*, 61 F. App'x 953, 955 (6th Cir. 2003).

Relevant here, "[a] constitutionally protected property interest in a publicly bid contract can be demonstrated in two ways." *Enertech Elec., Inc. v. Mahoning Co. Comm'rs*, 85 F.3d 257, 260 (6th Cir. 1996) (citing *United of Omaha Life Ins. Co. v. Solomon*, 960 F.2d 31, 34 (6th Cir. 1992)). "A bidder can either show that it actually was awarded the

7

contract and then deprived of it, or that, under state law, the [municipality] had limited discretion, which it abused, in awarding the contract." *Id.*

Defendants argue that plaintiffs cannot show that they were "awarded the contract and then deprived of it," because they "were not awarded the 2015 contract at any stage of the bid process." (Dkt. 3 at 15.) Plaintiffs argue that "[b]ecause Ruehle's was the existing towing concessionaire operating at the Township's direction, beyond its contract's original term, under a contract that [d]efendants agree could only be extended by the Township's exercise of a three-year renewal option, it is certainly more than just a disappointed bidder for prospective services." (Dkt. 8 at 16.)

Plaintiffs conflate two issues: whether plaintiffs had an existing contract with defendant Shelby Township when a new contract was awarded to Utica and whether plaintiffs have standing to challenge the alleged irregularities in the bidding process. Even if plaintiffs had an existing contract with defendant Shelby Township when a new contract was awarded to Utica, plaintiffs would only have a state law breach of contract claim, not a due process claim. When, as here, "the only basis

8

for federal jurisdiction is that a state actor is one of the contracting parties," a "state breach of contract action is most clearly an adequate remedy for a property deprivation." *Ramsey v. Bd. of Ed.*, 844 F.2d 1268, 1273 (6th Cir. 1988).

Plaintiffs did not plead and do not argue that they were "awarded *the* contract and then deprived of it," see *Enertech Elec., Inc.*, 85 F.3d at 260 (emphasis added), that is, the contract that arose from the bidding process. Rather, they argue that their original contract was renewed pursuant to the renewal provision contained therein.

Stated differently, plaintiffs allege that they had an exclusive, three-year contract with defendant Shelby Township, and that defendants breached the contract when defendants awarded an exclusive contract for the same services to Utica. (*See* Dkt. 1 at 8 ("The Board's award of this concession to another vendor during that same period constitutes a breach of contract from which Ruehle's has sustained significant damages."); *see also* Dkt. 8 at 11 ("[T]here is absolutely no question that [a contract] continued to exist in some form until the Township unilaterally terminated it on September 1, 2015").) But "a unilateral termination of a [three]-year contract . . . is not only

9

adequately remedied by a state breach of contract action, but far more appropriately remedied by such an action." *Ramsey*, 844 F.2d at 1273. Plaintiffs' pled a state law breach of contract claim, not a federal due process claim.

In any case, plaintiffs failed to plead that the original contract was renewed. Neither side raised the issue, but the Court entered a notice before the hearing that the parties should be prepared to discuss whether, under Michigan law, the alleged three-year renewal of the 2012 contract would be void under the statute of frauds, and permitted each party to file a supplemental brief. (*See* Dkt. 10.) Only defendants filed one, and they argued that such a renewal would be void. (*See* Dkt. 11 at 5-7.) At the hearing, plaintiffs argued that discovery might lead to materials that show there was a written agreement to extend the contract and alternatively that the original contract satisfies the writing requirement.

Discovery is irrelevant. The issue is whether plaintiffs sufficiently pled the existence of a written contract renewal, not whether discovery might lead to such documents. "[N]o amount of discovery can affect whether a complaint states a claim for purposes of Rule 12(b)(6)."

10

*Lossia v. JPMorgan Chase Bank*, No. 2:14-cv-11361, 2014 U.S. Dist. LEXIS 114238, at *10 (E.D. Mich. Aug. 18, 2014) (citing *Mitchell v. McNeil*, 487 F.3d 374, 379 (6th Cir. 2007)); *see Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009) (plaintiffs that fail to plead a claim are "not entitled to discovery, cabined or otherwise"); *Mitchell*, 487 F.3d at 379 ("The salient point is that, when plaintiffs file a complaint that fails to state a claim as a matter of law, they cannot be heard to complain about not being provided additional discovery."). Plaintiffs were required to plead that the alleged three-year renewal was in writing.

> Plaintiffs pled that:
>
> Because the Ruehle's contract could only be extended in additional increments of three years per its plain language, and because Shelby Township by its Board and police department continued to utilize Ruehle's (at those original contract prices) for months after the stated original contract term, the parties, in effect, extended that contract [for three years].

(Dkt. 1 at 8.) Under Michigan law, an oral agreement to renew a contract for a term longer than one year is void under the statute of frauds. Mich. Comp. Laws § 566.132(1)(a) (statute of frauds applies to "agreement that, by its terms, is not to be performed within 1 year from the making of the agreement"); *see, e.g.*, *Terre Haute Brewing Co. v.*

*Goldberg*, 291 Mich. 401, 407-08 (1939) (holding that oral agreement to renew a contract for two years is void under statute of frauds); *see also Switzer v. Hayes Wheels Int'l, Inc.*, No. 98-2361, 2000 U.S. App. LEXIS 1334, at *10 (6th Cir. Jan. 21, 2000) (noting in *dicta* "we think the statute of frauds would apply because the renewal period would be for three years"). Even accepting plaintiffs' argument that "continu[ing] to utilize Ruehle's (at those original contract prices) for months after the stated original contract term" renewed the contract for a three-year period, such an agreement as pled would be void.

And plaintiffs' argument that the original contract satisfies the writing requirement is without merit. Michigan law requires that the agreement to renew must itself be in writing. *See, e.g.*, *Terre Haute Brewing Co.*, 291 Mich. at 407-08 (original contract in writing, but oral agreement to renew for two years void under statute of frauds); *see also Switzer*, 2000 U.S. App. LEXIS 1334, at *10 (original three-year contract in writing, but noting in *dicta* agreement to renew must satisfy statute of frauds).

Thus plaintiffs must show that "under state law, the [municipality] had limited discretion, which it abused." *Enertech Elec.,*

12

*Inc.*, 85 F.3d at 260. Defendants argue that their discretion was not limited, because the RFP stated that "[t]he Township reserves the right to reject any and all proposals, to make an award based directly on the proposals, or to negotiate further with one or more companies." (Dkt 3 at 17; *see* Dkt. 1-1 at 28.) Plaintiffs respond that they "are not second-guessing the mere discretion or judgment of these defendant public officials," but rather "are questioning their integrity." (Dkt. 8 at 17.) According to plaintiffs, "municipalities do not have discretion to maintain fraudulent bidding and selection processes—regardless of any language in [sic] contained in their RFPs." (Id. at 18.)

Plaintiffs' argument is without merit. Plaintiffs concede that they "are not second-guessing the mere discretion" of defendants, nor could they. The RFP is clear on this point. Defendant Shelby Township retained the "right to reject any and all proposals, to make an award based directly on the proposals, or to negotiate further with one or more companies." When, as here, "there was no external factor that limited Defendant[s'] discretion in awarding [the] contract," and the "bidding regulations Defendant[s] enacted were entirely self-imposed," plaintiffs fail to allege the deprivation of a property interest protected by the Due

13

Process Clause. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 297 (6th Cir. 2006).

Because plaintiffs failed to plead that they were "ever awarded" the contract that arose from the bidding process, that their original contract was renewed, or that state or local law imposed an "external factor that limited [defendants'] discretion in awarding this contract," *id.*, plaintiffs' due process claim must be dismissed. And because it was necessary to reach the issue of whether the original contract was renewed to decide the due process claim, plaintiffs' contract claim must also be dismissed.

IV. **Conclusion**

For the reasons set forth above, defendants' motion to dismiss (Dkt. 3) is granted.

Dated: May 18, 2016  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's

14

ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 18, 2016.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager
